UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Francisco Javier Naranjo, #317604, | ) C/A No. 3:10-2041-JFA-JRM |
| Petitioner, | ) |
| vs. | ) |
| Warden, Kershaw Correctional Institution, | ) |
| Respondent. | ) Report and Recommendation |

The Petitioner, Francisco Javier Naranjo (Petitioner), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief.[1] Petitioner is an inmate at the Kershaw Correctional Institution, a facility of the South Carolina Department of Corrections. Petitioner's pleading, submitted on the standard form used by state prisoners seeking relief under § 2254, alleges no grounds for habeas relief. (Docket Entry No. 1). In fact, except for information regarding Petitioner's state court conviction and sentence, the petition is essentially blank. As Petitioner contends that he is falsely imprisoned, it is presumed that he is seeking release from prison.

Petitioner has also filed a document, which seeks the assistance of counsel, and the assistance of an interpreter/translator in this case. (Docket Entry No. 2). This document has been construed as a motion to appoint counsel. In the petition, Petitioner states that he cannot read or write well in English. *See* Petition, page 2. The motion to appoint counsel (Docket Entry No. 2), indicates that Petitioner has never attended school in the United States, but is receiving some education at

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

Kershaw Correctional Institution. Petitioner's limited English language skills may explain his failure to complete much of the petition. However, it is noted that the portions of the petition that are completed are perfectly understandable and legible, as are Petitioner's comments in his motion to proceed *in forma pauperis* and in the margins of his attachments,. *See* Petition pages 1-2; Docket Entry No. 9; Docket Entry 1-1, pages 100-101. As discussed below, the instant petition should be summarily dismissed for failure to exhaust state court remedies, and Petitioner's motion to appoint counsel should then be denied as moot.

### *Pro Se* Habeas Review

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA),Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, this *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore

a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

Background

The petition, and attachments thereto, indicate that Petitioner entered a guilty plea in the Richland County Court of General Sessions on September 18, 2006, for two counts of Assault and Battery of a High and Aggravated Nature (ABHAN). *See* Petition, page 1; Docket Entry No. 1-1, page 76. Petitioner received sentences of ten (10) years and (5) years, to run consecutively. *Id.* Petitioner filed an application for post-conviction relief (PCR) on October 8, 2007. *See* Docket Entry No. 1-1, page 76. During this time-frame, Petitioner also attempted to file a direct appeal. *Id.* The South Carolina Court of Appeals dismissed the appeal on September 27, 2007. *Id.* Petitioner then requested that the South Carolina Supreme Court allow a belated appeal, however, the request was dismissed with prejudice on May 7, 2008. *Id.* at 77. Petitioner provides an unsigned order dismissing his PCR action dated for 2010. *Id.* at 99-102. A review of the Richland County Public Index Search reveals that Petitioner's PCR action, 2007-CP-40-6696, was dismissed on May 5, 2010.[2]

Discussion

The present habeas action is Petitioner's second attempt at federal review of his state convictions. Petitioner's first habeas petition, docketed on December 22, 2009, was summarily

---

[2] *See* http://www4.rcgov.us/scjdpublicindex55/PISearch.aspx?CourtType=G (last visited Oct. 21, 2010). This Court may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue. *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979). *See also Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir.1980) ("Federal courts may take judicial notice of proceedings in other courts of record.")(citation omitted).

3

dismissed without prejudice on March 16, 2010, for Petitioner's failure to exhaust state court remedies. *See Francisco Javier Naranjo v. Cecilia Reynolds*, 3:09-3238-RBH (D.S.C.). An appeal of the Order dismissing Petitioner's habeas action is currently pending.

As in Petitioner's first habeas case, the instant action is subject to summary dismissal for Petitioner's failure to fully exhaust his remedies in the state court system. The requirement that state remedies must be exhausted before filing a federal habeas corpus action is found in the statute, 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be grant ed unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State . . . ." This exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The United States Court of Appeals for the Fourth Circuit, in *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), found that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts . . . . To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the Petitioner." *Id.* at 911 (citations omitted).[3]

---

[3]

Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, further exhaustion is not required. *See Coleman v. Thompson*, 501 U.S. 722 735 n.1 (1991). However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

In the present case, Petitioner has unsuccessfully litigated a PCR action in the Richland County Court of Common Pleas. If a South Carolina prisoner's application for post conviction relief is denied or dismissed by a Court of Common Pleas, he can appeal the order of the post conviction relief judge. *See* S.C. Code Ann. § 17-27-100. In fact, the PCR petitioner must seek appellate review of an adverse disposition from the PCR action, or federal collateral review of the grounds raised in the PCR will be barred by a procedural default. See *Whitley v. Bair*, 802 F.2d 1487, 1500 & n. 27 (4th Cir. 1986). The instant petition provides no indication that Petitioner has appealed the dismissal of his PCR action to the highest state court, thus, Petitioner has a viable state court remedy which has not been fully utilized. As such, this petition should be dismissed without prejudice for failure to exhaust state court remedies.

## Recommendation

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the Respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). It is further recommended that Petitioner's motion to appoint counsel be denied as moot if the petition is dismissed. Petitioner's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

November 17, 2010
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).